**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

DUANE MORTON,                              )
                                          )
      Plaintiff,                      )
                                          )
      v.                              )    Case No. 2:18-cv-450-JVB-JEM
                                          )
THE GIVING DAYS FOUNDATION, INC. ,        )
also known as, THE GIVING DAYS            )
FOUNDATION CITY OF ORANGE,                )
                                          )
      Defendant.                      )

**PLAINTIFF'S RESPONSE TO THE CLERK'S NOTICE OF JULY 9, 2019**

Plaintiff, DUANE MORTON ("Plaintiff"), through counsel, responds to the Clerk's Notice of July 9, 2019 (Doc. No. 8), as follows:

1. On November 28, 2018, Plaintiff filed the instant case against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") because Defendant was inundating Plaintiff with unwanted robocalls. (Doc. No. 1).

2. On December 12, 2018, Defendant was served with Plaintiff's Summons and Complaint. (Doc. No. 5).

3. Defendant therefore should have filed an answer or other responsive pleading to Plaintiff's Complaint on or before January 2, 2019—but failed to do so.

4. On January 7, 2019, Plaintiff filed an Application for Entry of Clerk's Default. (Doc. No. 6).

5. On January 8, 2019, the Clerk entered Entry of Default against Defendant. (Doc. No. 7).

6. Upon Entry of Clerk's Default, Plaintiff and his counsel contemplated on how to proceed with this case.

1

7.  Plaintiff's counsel inadvertently failed to timely move forward with this case and has caused the delay.

8.  Plaintiff and his counsel intend to move forward with his case by filing a Motion for Default Judgment.

9.  However, given the nature of this case, Plaintiff must first obtain his cellular telephone records by subpoena to be able to prove up his TCPA damages, which are calculated on a per call/text basis.

10. Contemporaneous with this response, Plaintiff is filing a Motion for Leave to Serve Third-Party Subpoena Prior to Rule 26(f) Case Management Conference and for Extension of Time to File Motion for Default Judgment.

11. Plaintiff's counsel did not intend to disrupt the flow of the proceedings in this case and apologizes to the Clerk and Court for doing so and assumes full responsibility.

12. Good cause exists for Plaintiff and his counsel's failure to timely take action in this case.

WHEREFORE, Plaintiff, DUANE MORTON, respectfully requests the Clerk and Court to allow for Plaintiff to continue to prosecute his case against Defendant.

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ James J. Parr
James J. Parr, ARDC No. 6317921
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
312-224-4695 – office
312-253-4451 – facsimile
james@agrusslawfirm.com
Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2019, I electronically filed the foregoing with the Clerk of

the Court by using the CM/ECF system.

<u>/s/ James J. Parr</u>
        James J. Parr
        *Attorney for Plaintiff*