## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

DUANE MORTON,               )
        Plaintiff,         )
                        )
    v.                     )      CAUSE NO.: 2:18-CV-450-JVB-JEM
                        )
THE GIVING DAYS FOUNDATION,   )
INC., a/k/a THE GIVING DAYS       )
FOUNDATION CITY OF ORANGE,    )
        Defendant.       )

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to Serve Third-Party Subpoena Prior to Rule 26(f) Case Management Conference and for Extension of Time to File Motion for Default Judgment [DE 10], filed by Plaintiff on July 16, 2019. Plaintiff wishes to move for default judgment against Defendant, who has not answered or otherwise appeared in this case, and seeks to subpoena telephone records to support his allegations of damages in support of his motion. He also seeks an extension of time to file his motion for default judgment in order to allow time to receive the results of the subpoena.

The Federal Rules of Civil Procedure generally prohibit discovery from occurring before the parties conduct a Rule 26(f) conference, but the Court may enter an order allowing early discovery if there is good cause for the request. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."); *see also Orlando v. CFS Bancorp, Inc.*, No. 2:13-CV-261 JD, 2013 WL 12329547, at *1 (N.D. Ind. Oct. 10, 2013) ("A party seeking expedited discovery prior to a Rule 26(f) planning conference must

1

establish good cause for his request."). "[D]eciding whether to permit expedited discovery and the scope of any expedited discovery depends on the facts and circumstances of the particular matter, and a demonstration why the requested discovery, on an expedited basis, is appropriate for the fair adjudication of issues before the court." *Orlando*, 2013 WL 12329547, at *1 (citing *Roche Diagnostics Corp. v. Medical Automation Systems, Inc.*, No. 1:10-cv-01718-SEB-DML, 2011 WL 130098, at *3 (S.D. Ind. 2011)).

Plaintiff's Complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which provides for damages for each violation of the act. Plaintiff seeks to obtain the records of the calls he alleges violates the Act in order to accurately determine the claimed damages in a motion for default judgment. Because Defendant has not answered or otherwise appeared, no Rule 26(f) case management conference has occurred in this case. Plaintiff argues that there is good cause to permit the subpoena so that he can substantiate his allegations in a situation where Defendant has refused to participate in the case. The Court concludes that the scope of the requested discovery is limited, is unlikely to create an excessive burden on the telephone company which will be receiving the subpoena, is not available from any other source, and should be taken prior to a Rule 26(f) conference given the circumstances of this case. The Court also recognizes that Plaintiff will need to receive the records before filing a motion for default judgment.

For the foregoing reasons, the Court **GRANTS** the Motion for Leave to Serve Third-Party Subpoena Prior to Rule 26(f) Case Management Conference and for Extension of Time to File Motion for Default Judgment [DE 10]. Plaintiff may serve a subpoena on Plaintiff's telephone provider as described in the Motion, along with a copy of this Order. The Court **ORDERS** that

Plaintiff has an extension of time until **October 16, 2019**, within which to file a motion for default judgment.

      SO ORDERED this 18th day of July, 2019.

s/ John E. Martin                
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record