UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DUANE MORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-450 |
| | ) | |
| THE GIVING DAYS FOUNDATION, INC., | ) | |
| also known as, THE GIVING DAYS | ) | |
| FOUNDATION CITY OF ORANGE, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR DEFAULT JUDGMENT**

NOW COMES the Plaintiff, DUANE MORTON ("Plaintiff"), through his attorneys, Agruss Law Firm, LLC, pursuant to Fed. R. Civ. P. 55(b)(2), and moves this Honorable Court for entry of an Order of Default Judgment and Judgment against Defendant, THE GIVING DAYS FOUNDATION, INC., also known as, THE GIVING DAYS FOUNDATION CITY OF ORANGE ("Defendant"), and in support thereof, states as follows:

1. On November 28, 2018, Plaintiff filed the instant case against Defendant seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* (Doc. No. 1).

2. On December 12, 2018, Defendant was served with Plaintiff's Summons and Complaint. (Doc. No. 5).

3. Defendant therefore should have filed an answer or other responsive pleading to Plaintiff's Complaint on or before January 2, 2019—but failed to do so.

4. On January 7, 2019, Plaintiff filed an Application for Entry of Clerk's Default. (Doc. No. 6).

1

5. On January 8, 2019, the Clerk entered Entry of Default against Defendant. (Doc. No. 7).

6. "Under the TCPA, a plaintiff must allege four elements to state a cause of action: (1) a call was made, (2) the caller used automatic telephone dialing system or artificial or prerecorded voice, (3) the call was made to a cellular telephone number, and (4) the recipient of the call did not give the caller express written consent to make the call." *Cunningham v. Foresters Fin. Servs., Inc.*, 300 F. Supp. 3d 1004, 1014 (N.D. Ind. 2018).

7. Plaintiff's Complaint alleges the following: Within four (4) years of Plaintiff filing this Complaint, in or around June 2018, Defendant began calling Plaintiff's cellular telephone at xxx-xxx-9733, which included or introduced an advertisement or constituted telemarketing. (Doc. No 1, ¶ 10); Within four (4) years of Plaintiff filing this Complaint, in or around June 2018, Defendant called Plaintiff's cellular telephone from 888-634-1879, which is one of the Defendant's telephone numbers. (Doc. No 1, ¶ 11); In or around June 2018, Plaintiff answered at least one call placed by Defendant to Plaintiff. (Doc. No 1, ¶ 12); During the aforementioned call, Plaintiff told Defendant to stop calling him. (Doc. No 1, ¶ 13); In or around June 2018, Plaintiff called Defendant. (Doc. No 1, ¶ 14); During the aforementioned call, Plaintiff told Defendant to stop calling him. (Doc. No 1, ¶ 15); Despite Plaintiff's requests that Defendant stop calling Plaintiff on his cellular telephone, Defendant continued to call Plaintiff's cellular telephone. (Doc. No 1, ¶ 16); Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number. (Doc. No 1, ¶ 17); None of the calls Defendant made to Plaintiff were for an emergency purpose. (Doc. No 1, ¶ 18); All of the calls Defendants made to Plaintiff's

2

cellular telephone resulted in Plaintiff incurring a charge for incoming calls. (Doc. No 1, ¶ 19); During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone. (Doc. No 1, ¶ 20); Plaintiff has never given to Defendant prior express written consent to contact Plaintiff as described herein. (Doc. No 1, ¶ 21); Even if Plaintiff provided Defendant with his cellular telephone number, Defendant failed to provide Plaintiff with clear and conspicuous disclosure that Defendant would contact Plaintiff with an automatic telephone dialing system ("ATDS"). (Doc. No 1, ¶ 22); Defendant has never obtained prior express written consent from Plaintiff to contact Plaintiff as described herein. (Doc. No 1, ¶ 23); Even if at one point Defendant had prior express written consent to call Plaintiff's cellular telephone, Plaintiff revoked this consent as described above. (Doc. No 1, ¶ 24); Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop. (Doc. No 1, ¶ 25); Within four (4) years of Plaintiff filing this Complaint, Defendant used an ATDS to call Plaintiff's cellular telephone. (Doc. No 1, ¶ 26); When Plaintiff answered Defendant's calls, he was sometimes greeted with "dead air" whereby no person was on the other end of the line. After several seconds, an agent was connected to the automated call then greeted Plaintiff and sought to speak with Plaintiff attempting to solicit its credit repair services. (Doc. No 1, ¶ 27); The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers. (Doc. No 1, ¶ 28); The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically. (Doc. No 1, ¶ 29); The telephone

dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention. (Doc. No 1, ¶ 30); The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order. (Doc. No 1, ¶ 31); The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly. (Doc. No 1, ¶ 32); The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant. (Doc. No 1, ¶ 33); The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple recipients. (Doc. No 1, ¶ 34); The dead air that the Plaintiff may have experienced on the calls that he received is indicative of the use of an ATDS. This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus, resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff. The dead air is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them. Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the

4

call the entire time and Plaintiff would have been immediately greeted by said person. (Doc. No 1, ¶ 35); As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express written consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways: a. Invading Plaintiff's privacy; b. Electronically intruding upon Plaintiff's seclusion; c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone; d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of his cellular telephone; and e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls. (Doc. No 1, ¶ 36).

8. Plaintiff has clearly alleged a claim against Defendant pursuant to the TCPA.
9. Under the TCPA, Defendant may not place non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice without prior express written consent. 47 U.S.C. § 227 (b)(1)(A)(iii).
10. Defendant has never had Plaintiff's prior express consent to place such calls to Plaintiff.
11. Even if Defendant somehow had Plaintiff's prior express consent to place such calls at one-time, Plaintiff orally revoked such consent.
12. "The Federal Communications Commission has stated that '[c]onsumers have the right to revoke consent, using any reasonable method including orally or in writing.'" *Wilkes v. Caresource Mgmt. Grp. Co.*, No. 4:16-CV-38 JVB, 2018 WL 4680028, at *3 (N.D. Ind. Sept. 27, 2018) (internal citations omitted).

13. The allegations in Plaintiff's Complaint are deemed admitted as a responsive pleading was required and the allegations were not denied. Fed. R. Civ. P. 8(b)(6).

14. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

15. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

16. Attached hereto as Exhibit A are Plaintiff's certified T-Mobile telephone records received in response to a subpoena, which detail all of the calls that Defendant placed to Plaintiff in violation of the TCPA.[1]  (The calls highlighted in yellow are the calls Defendant placed to Plaintiff.  The calls highlighted in orange are the calls that Plaintiff placed to Defendant out of frustration to tell Defendant to stop calling him.)

17. Defendant called Plaintiff 22 times in violation of the TCPA.

18. Plaintiff is entitled to $500.00 for each of the first 3 violations of the Telephone Consumer Protection Act since the first 3 calls were merely negligent.  Accordingly, Plaintiff requests $1,500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

19. However, Plaintiff is entitled to $1,500.00 for each of the 19 remaining violations of the Telephone Consumer Protection Act because those calls were willful and/or knowing as Plaintiff first told Defendant to stop calling him on July 10, 2018.  Defendant thereafter

---

[1] To protect Plaintiff's privacy, Plaintiff's counsel deleted from these telephone records all other incoming and outgoing calls unrelated to this case.

willfully and/or knowingly placed calls to Plaintiff despite knowing that Plaintiff did not want to be called. Accordingly, Plaintiff requests $28,500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff requests the following relief:

a. An entry of an Order of Default Judgment and Judgment against Defendant, THE GIVING DAYS FOUNDATION, INC., also known as, THE GIVING DAYS FOUNDATION CITY OF ORANGE, in the amount of $30,000.00; and

b. Any other relief the Court may deem just and proper.

                Respectfully submitted,
                AGRUSS LAW FIRM, LLC

By: /s/ James J. Parr
     James J. Parr, ARDC No. 6317921
     4809 N. Ravenswood Avenue, Suite 419
     Chicago, IL 60640
     312-224-4695 – office
     312-253-4451 – facsimile
     james@agrusslawfirm.com
     Attorneys for Plaintiff

# **EXHIBIT A**

**T··Mobile·**

Information Provided To:

| | |
|---|---|
| Agency: | Civil Attorney |
| Requestor: | JAMES PARR |
| Agent Address: | AGRUSS LAW FIRM LLC |
| Billing City, State, Zip: | CHICAGO, IL 60640-0000 |
| Provided On: | August 14, 2019 |

**Request Submission Response**

This is in response to the Subpoena, 2:18-cv-00450-JVB-JEM, dated July 18, 2019, which was served upon T-Mobile US, Inc. You have requested information for the subscriber associated with MSISDN: 7084179733. All times below are reflected in Coordinated Universal Time (UTC).

| Date | Time | Duration | Call Type | Direction | Calling Number | Dialed Number | Called Number | Destination Number | IMSI | IMEI | Completion Code | Service Code | Switch Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/09/2018 | 18:20:38 | | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Abnormal Completion | 11 | NYTAS001 |
| 07/09/2018 | 18:34:50 | | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Abnormal Completion | 11 | NYTAS001 |
| 07/10/2018 | 17:19:43 | 37 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 029;11 | CRTAS002 |
| 07/10/2018 | 17:19:46 | 37 | moc | Outgoing | 18886341879 | 18056377249 | 18056377249 | 14092569999 | 310260150034403 | 356562086869060 | Completed Successfully | 29 | CRTAS002 |
| 07/11/2018 | 16:36:13 | 44 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 11 | CRTAS002 |
| 07/12/2018 | 16:53:14 | 16 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 11 | DCTAS002 |
| 07/13/2018 | 18:08:18 | 37 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 029;11 | TTTAS102 |
| 07/17/2018 | 20:44:38 | 7 | mSTerminating | Incoming | 8886341879 | | 17084179733 | | | 356562086869060 | Completed Successfully | 41 | MNMSS320 |
| 07/18/2018 | 16:44:40 | 9 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 11 | DATAS010 |
| 07/19/2018 | 18:01:38 | 6 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 041;11 | NVTAS004 |
| 07/19/2018 | 18:07:28 | | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Abnormal Completion | | NVTAS004 |
| 07/20/2018 | 16:45:32 | | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Abnormal Completion | 11 | PHTAS001 |
| 07/20/2018 | 17:44:40 | 65 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 11 | PHTAS001 |
| 07/20/2018 | 17:45:55 | 25 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | PHTAS001 |
| 07/20/2018 | 17:46:27 | 8 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | PHTAS001 |
| 07/20/2018 | 17:46:55 | 112 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | PHTAS001 |
| 07/20/2018 | 17:48:56 | 92 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | PHTAS001 |
| 07/20/2018 | 17:51:10 | 66 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | PHTAS001 |
| 07/20/2018 | 17:52:25 | 22 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | PHTAS001 |
| 07/20/2018 | 17:53:25 | 38 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | PHTAS001 |

**Information Provided By:**
T-Mobile US, Inc.
Law Enforcement Relations

4 Sylvan Way, Parsippany, New Jersey 07054
Tel: 866-537-0911; Fax: 973-292-8697

Page: 1 of 2

| Date | Time | Dur | Type | Direction | Number 1 | Number 2 | Number 3 | Number 4 | IMSI | IMEI | Status | Code | Cell |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/20/2018 | 17:54:14 | 122 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | PHTAS001 |
| 07/20/2018 | 17:56:22 | 63 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | PHTAS001 |
| 07/20/2018 | 17:58:03 | 2 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | PHTAS001 |
| 07/20/2018 | 17:58:12 | 3 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | PHTAS001 |
| 07/26/2018 | 18:11:32 | 63 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 11 | SFTAS003 |
| 07/26/2018 | 18:12:49 | 7 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | SFTAS003 |
| 07/26/2018 | 18:13:04 | 4 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | SFTAS003 |
| 07/30/2018 | 17:59:56 | 19 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 11 | CHTAS009 |
| 07/31/2018 | 18:25:36 | 55 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 011;42 | PHTAS002 |
| 07/31/2018 | 18:26:38 | 8 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | PHTAS002 |
| 08/01/2018 | 21:24:30 | 9 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 11 | CHTAS009 |
| 08/02/2018 | 22:08:29 | 1 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | NYTAS001 |
| 08/03/2018 | 21:44:46 | 9 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 11 | IETAS001 |
| 08/14/2018 | 16:19:48 | 52 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 041;11 | CHTAS009 |
| 08/16/2018 | 16:13:55 | 262 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 11 | NVTAS004 |
| 09/06/2018 | 17:40:40 | 179 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 11 | CHTAS009 |
| 09/06/2018 | 21:17:43 | | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Abnormal Completion | | CHTAS009 |
| 09/06/2018 | 21:17:50 | 8 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | CHTAS009 |
| 09/13/2018 | 16:18:01 | | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 11 | TTTAS102 |
| 09/13/2018 | 16:18:57 | 4 | moc | Outgoing | 17084179733 | 18886341879 | 18886341879 | 18886341879 | 310260150034403 | 356562086869060 | Completed Successfully | | TTTAS102 |
| 09/13/2018 | 17:40:29 | 18 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 11 | TTTAS102 |
| 09/19/2018 | 18:09:55 | 62 | mtc | Incoming | 18886341879 | 17084179733 | 17084179733 | 17084179733 | 310260150034403 | 356562086869060 | Completed Successfully | 11 | ATTAS002 |

**Information Provided By:**
T-Mobile US, Inc.
Law Enforcement Relations

4 Sylvan Way, Parsippany, New Jersey 07054
Tel: 866-537-0911; Fax: 973-292-8697

Page: 2 of 2

Law Enforcement Relations
4 Sylvan Way, Parsippany, N.J. 07054
Phone: (973) 292-8911 Fax: (973) 292-8697

August 20, 2019

T-Mobile / MetroPCS Tracking ID: 2415010

I, Keeli Cross, am employed by T-Mobile, U.S.A., Inc and I am a Custodian of Records.

I further state that all of the records described below and attached hereto are duplicates of the original and are true
and complete copies of records maintained by T-Mobile, U.S.A., Inc.

Description of records:

| MSISDN/Identifier | Start Date | End Date | Requested Item |
|---|---|---|---|
| 7084179733 | 05/01/2018 | 12/31/2018 | Call Details No Cells |
| 7084179733 | 05/01/2018 | 12/31/2018 | Subscriber Info |

I further state that:
 A) Such records were made at or near the time of the occurrence of the matters set forth by (or from
    information transmitted by) a person with knowledge of those matters;
 B) Such records were kept in the course of regularly conducted business activity;
 C) The business activity made such records as a regular practice; and
 D) If such record is not the original, such record is a duplicate of the original.

I hereby certify that the foregoing statement made by me is true. I understand that if any of the statements made by
me herein are willfully false, I am subject to punishment.

Sincerely

Law Enforcement Relations Group

# Interpreting Call Detail Records

Your response includes Call Detail Records (CDR) either with or without location. Our query results in an Excel file with multiple columns. This is a combined report of calls and messages. Each row represents one call on the T-Mobile network. Some fields only appear in reports with location information.

Calls made while roaming also **do not** appear on this report.

Entries with outgoing calls to 8056377249 indicate incoming calls that are forwarded (out) to the voicemail system. Entries with outgoing calls to 8056377243 = 805-MESSAGE indicate voicemail retrieval.

Please remember that T-Mobile CDR systems natively use Coordinated Universal Time (UTC). By default, that means a day of call detail records are taken from 00:00:01 to 23:59:59 UTC which may differ from your intended time range due to your time zone. If specific times other than our default are important to your inquiry, please submit legal demands with the date range/time frame adjusted for UTC to avoid delay or confusion. We are unable to convert the time displayed in the records to the local time of the handset.

The columns present on your CDR may be:

| COLUMN NAME | DESCRIPTION | LOCATION RPT ONLY? | NOTES |
|---|---|---|---|
| Date | Date format mm/dd/yyyy | NO | |
| (UTC) Time | 24 hour time format - hh:mm:ss in UTC | NO | In UTC time |
| Duration | Duration in seconds | NO | |
| Call Type | Type of call: callForwarding = Forwarded Call; mSOriginating = Outgoing Voice Call; mSTerminating = Incoming Voice; mSOriginatingSMSinMSC = Outgoing SMS; mSTerminatingSMSinMSC = Incoming SMS; moc=Mobile Originating Call; mtc= Mobile Terminating Call; SMSc = text message; RCS-IMChat = rich content message, multimedia and text | NO | Cell Site location is not available for Call Types SMSc and RCS-IMChat. For SMSc messaging, T-Mobile provides record of any activity between the requested target number and any other customers utilizing the T-Mobile network for the time and date range requested regardless if the target number currently is/was assigned to T-Mobile or a T-Mobile wholesale partner. |
| Direction | Outgoing or Incoming to the target telephone number | NO | |
| Calling Number | Phone number that initiated the call | NO | |
| Dialed Number | Dialed digits | NO | |
| Called Number | Phone number that received the call | NO | |
| Destination Number | The final destination number to which the network has connected the call (might be different from the one dialed by subscriber if network translation was applied) | NO | |
| IMSI | International Mobile Subscriber Identity of the target number, if present | NO | |
| IMEI | International Mobile Equipment Identity of the target number, if present | NO | |
| Completion Code | Completed successfully or Abnormal Completion (network interruption). Abnormal completion calls display on this report but may or may not show on a customer's bill. | NO | |
| Service Code | 11 Calling line identification presentation<br>12 Calling line identification restriction<br>13 Connected Line ID Presentation<br>20 All Call Forwarding Services<br>21 Call Forwarding Unconditional (CFU)<br>28 All Cond Call Forwarding Services<br>29 Call Forwarding on Mobile Subscriber Busy (CFB)<br>2A Call Forwarding on No Reply (CFNRy)<br>2B Call Forwarding on Not Reachable (CFNRc)<br>31 Explicit Call Transfer (ECT)<br>42 Call Hold 41 Call waiting<br>51 Multi-Party (MPTY) | NO | |

| Switch Name | Name of the switch which was used to deliver the call to the target number. | YES | This is NOT an indication of the location of the device. |
|---|---|---|---|
| 1st LTE Site ID | EnodeBid value in decimal | YES | Only present if the call was over LTE |
| 1st LTE Sector ID | ID of the first sector used if the site is an LTE site | YES | Only present if the call was over LTE |
| 1st LAC | 1st LAC value in decimal | YES | Not present if the call was over LTE |
| 1st Cell ID | 1st Cell Site ID value in decimal | YES | Not present if the call was over LTE |
| 1st Tower Azimuth | Location: Azimuth orientation of antenna serving user if available (see note below) | YES | |
| 1st Tower LAT | Latitude of 1st cell tower used. | YES | |
| 1st Tower LONG | Longitude of 1st cell tower used. | YES | |
| 1st Tower Address | Street Address of the 1st serving tower if available | YES | |
| 1st Tower City | City of the 1st serving tower if available | YES | |
| 1st Tower State | State of the 1st serving tower if available | YES | |
| 1st Tower Zip | ZIP of the 1st serving tower if available | YES | |
| Last LTE Site ID | EnodeBid value in decimal | YES | Only present if the call was over LTE |
| Last LTE Sector ID | ID of the last sector used if the site is an LTE site | YES | Only present if the call was over LTE |
| Last LAC ID | Last LAC value in decimal | YES | Not present if the call was over LTE |
| Last Cell ID | Last Cell Site ID value in decimal | YES | Not present if the call was over LTE |
| Last Tower Azimuth | Azimuth orientation of antenna serving user if available (see note below) | YES | |
| Last Tower LAT | Latitude of last cell tower used. | YES | |
| Last Tower LONG | Longitude of last cell tower used. | YES | |
| Last Tower Address | Street Address of the last serving tower if available | YES | |
| Last Tower City | City of the last serving tower if available | YES | |
| Last Tower State | State of the last serving tower if available | YES | |
| Last Tower Zip | ZIP of the last serving tower if available | YES | |

A NOTE ON AZIMUTH: The azimuth listed is the center compass degree facing of the identified sector of the tower. Generally, the coverage of a tower is circular and divided in three equal pieces (each 120 degrees wide). Due north is 0, due south is 180. However, not every tower is aligned with the first sector starting at 0. Using the listed azimuth, rough direction from the tower can be calculated for a call. The center degree of the sector's facing is indicated in this field. For example, if a facing has a listed orientation of 90, the center of the coverage is pointed at 90 degrees but the sector will cover traffic from roughly 60 degrees on either side (thus 30 to 150 degrees in this example).

For more information on UTC, please visit: http://www.timeanddate.com/time/aboututc.html. To convert records to your local time, you will need to [1]use a converter such as http://www.worldtimeserver.com/convert_time_in_UTC.aspx.

## PROOF OF SERVICE

I, James J. Parr, state the following:

I am employed in Chicago, Illinois. I am over the age of 18, and am not a party to this action. My business address is 4809 North Ravenswood Avenue, Chicago, IL 60640. On August 22, 2019, I served the following documents:

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

On the recipients listed below:

> The Giving Days Foundation, Inc.
> 1717 W. Orangewood Avenue, Suite H
> Orange, CA 92868

By the following means of service:

[X] **BY MAIL:** I deposited the envelope in the mail via first class mail. The envelope was mailed with postage fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document was deposited with the U.S. Postal Service on this date with postage fully prepaid, in the ordinary course of business.

[X] **FEDERAL:** I declare under penalty of perjury under the laws of Illinois that the above is true and correct.

Executed on August 22, 2019 at Chicago, Illinois.

By: /s/ James J. Parr
James J. Parr